UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOSEPH D. STEWART**<br>   **Plaintiff**<br><br>v.<br><br><br><br>**ARS NATIONAL SERVICES, INC. d/b/a**<br>**ASSOCIATED RECOVERY SYSTEMS &**<br>**JOHN DOE a/k/a Joe**<br>   **Defendants** | **CIVIL ACTION**<br><br>**COMPLAINT**<br><br>**JURY TRIAL**<br>**CLAIMED**<br><br><br><br><br><br>**AUGUST 26, 2009** |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by the Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq*, and for intentional infliction of emotional distress.

### II. PARTIES

2. The plaintiff, Joseph D. Stewart ("Plaintiff"), is a natural person residing in Ashford, Connecticut.

3. The defendant, ARS National Services, Inc. d/b/a Associated Recovery Systems ("ARS"), is located in Escondido, California and is registered with the Connecticut Department of Banking as a Consumer Collection Agency.

4. John Doe a/k/a Joe ("Joe") is an employee of ARS who works as a debt collector. Joe's identity and state of residence are not known to Plaintiff but is ascertainable in discovery.

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over ARS because it engages in debt collection activities within Connecticut.

7. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff owed a debt on a Capital One Bank (USA), N.A. account, and said account was assigned to ARS for collection purposes.

9. On or around June 20, 2009, Joe telephoned and spoke with Plaintiff with respect to said account, and during that conversation, Joe demanded that Plaintiff immediately pay ARS $900.

10. Plaintiff told Joe that he had just sent a payment to ARS, and Joe replied that ARS never received the payment Plaintiff mentioned.

11. Upon hearing this, Plaintiff told Joe that he did not feel comfortable sending any additional payments to ARS until ARS sent him verification of the alleged debt.

12. Joe responded that if Plaintiff did not pay the amount demanded, then his credit would be ruined "for life" and he would find himself living in a cardboard box, and

he said that Plaintiff would want to get married and have kids one day, and therefore he would not want to find himself living in a cardboard box.

13. Upon hearing this, Plaintiff hung up the phone, but Joe called back approximately five minutes later, and when Plaintiff answered that call, Joe rudely asked him whether he was going to make a payment, and he suggested that Plaintiff would be ruining his life if he failed to immediately make a payment.

14. The calls and comments Joe made to Plaintiff caused Plaintiff to become so angry and upset that he decided to see a therapist.

## V. COUNT ONE
### Fair Debt Collection Practices Act - ARS

15. Plaintiff incorporates Paragraphs 1-14.

16. ARS violated the FDCPA in one or more of the following respects:

    a. ARS violated 15 U.S.C. § 1692e(5) and §1692e(10) by telling Plaintiff that ARS would ruin his credit "for life" and that Plaintiff would be living in a cardboard box if he did not make a payment.

    b. ARS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the debt.

    c. ARS violated 15 U.S.C. § 1692d(5) by engaging the plaintiff in telephone conversation repeatedly with intent to annoy, abuse, or harass the plaintiff.

    d. ARS violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse Plaintiff.

    e. ARS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

3

17. For the violations of the Fair Debt Collection Practices Act described above, the Plaintiff is entitled to recover his actual damages (including emotional distress damages), statutory damages of $1,000, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692K.

### VI.  COUNT TWO
### Fair Debt Collection Practices Act - Joe

18. Plaintiff incorporates Paragraphs 1-16.

19. Joe violated the FDCPA for the reasons enumerated and described in Paragraph 16a-e.

### VII.  COUNT THREE
### Connecticut Unfair Trade Practices Act – ARS

20. Plaintiff incorporates Paragraphs 1-14.

21. ARS violated CUTPA by its debt collection activities described above.

22. ARS's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as such to cause substantial injury to consumers.

23. Plaintiff suffered an ascertainable loss on account of ARS's acts.

24. For ARS's violations of CUTPA, Plaintiff is entitled to monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

### VIII.  COUNT FOUR
### Intentional Infliction of Emotional Distress – ARS & Joe

25. Plaintiff incorporates Paragraphs 1-14.

26. ARS and Joe knew, or reasonably should have known, that their conduct would likely cause emotional distress to Plaintiff.

27. The conduct of ARS and Joe did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

28. The actions of ARS and Joe were willful, wanton and malicious, in that they intended to cause Plaintiff distress to induce Plaintiff to pay the debt in the hope that Plaintiff would pay in order to relieve the stress.

WHEREFORE, the Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; such other relief as this Court deems appropriate.

**PLAINTIFF, JOSEPH D. STEWART**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457

6